# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | CASE NO. 8:02CR353 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| TONY SKANNELL, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the motion filed by the Defendant, Tony Skannell, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion") (Filing No. 718).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## FACTUAL BACKGROUND

Skannell was found guilty after a jury trial of conspiring to distribute or possess with intent to distribute 50 grams or more of a mixture or substance containing cocaine base. An Information of Prior Conviction had been timely filed under 21 U.S.C. § 851, listing one prior conviction.[1] Skannell's Second Presentence Investigation Report ("PSR") placed him

---

[1]This conviction is set out in ¶ 73 of the Second Presentence Investigation Report.

in a sentencing guideline range of 360 months to life, based on a total offense level of 37 and placement in criminal history category VI. Skannell was found to be a career offender, based on prior convictions for rape (PSR, ¶ 74) and attempted second degree robbery (PSR, ¶ 76). Defense counsel objected to Skannell's career offender status based on the timeliness of the filing of the Information of Prior Conviction and under *Blakely v. Washington,* 542 U.S. 296 (2004). Those objections were denied, and Skannell was sentenced to 360 months imprisonment.

On direct appeal, the Eighth Circuit Court of Appeals remanded Skannell's case for resentencing under *United States v. Booker,* 543 U.S. 220 (2005), "using the career offender 360 to life range as the correctly determined advisory Guidelines range."[2] (Filing No. 552, at 39.) However, the Eighth Circuit concluded that Skannell's § 851 challenge was moot given his career offender status. Skannell was resentenced to 360 months imprisonment. Skannell filed a direct appeal. In a per curiam opinion, the Eighth Circuit determined that Skannell's arguments regarding his career offender status and the § 851 Information were "foreclosed by [its] decision in his prior appeal." (Filing No. 660, at 1.) The Eighth Circuit rejected Skannell's additional arguments and affirmed his sentence. The U.S. Supreme Court denied Skannell's petition for a writ of certiorari. Skannell timely filed his § 2255 motion.

---

[2]Sentencing was on October 18, 2004. *Booker* was decided on January 12, 2005. The Eighth Circuit, in its post-*Booker* opinion, noted that this Court did not have the benefit of the *Booker* decision at the time of sentencing and therefore sentenced Skannell under the mandatory guidelines.

## DISCUSSION

In his § 2255 motion, Skannell argues that he received ineffective assistance of counsel because his trial attorney, Phillip G. Wright, failed to argue at sentencing that his two prior convictions were invalid for purposes of U.S.S.G. § 4B1.1, the career offender guideline. Skannell argues that the attempted second degree robbery conviction listed in ¶ 76 of the PSR was not a "crime of violence" under § 4B1.1 and that his rape case described in ¶ 74 of the PSR was more than 15 years old and should not have been counted.

In order to establish ineffective assistance of counsel, Skannell must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687.

### ¶ 76 - *Attempted Second Degree Robbery; Crime of Violence*

U.S.S.G. § 4B1.1 requires that a career offender's instant case be a felony crime of violence or a felony controlled substance offense and also that the defendant have two prior felony convictions for either a crime of violence or relating to controlled substances.

The commission of the instant offense must follow the prior convictions. U.S.S.G. § 4B1.2(c). A "crime of violence" is defined as an offense punishable by more than 1 year imprisonment that:

(1)  has an element the use, attempted use, or threatened use of physical force against the person of another, or

(2)  is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).

An "attempt" to commit an offense is included in the definition of a crime of violence. U.S.S.G. § 4B1.2 application n. 1. That definition specifically includes crime of "robbery." *Id.*

Skannell's argument that his counsel was ineffective for failing to object to his attempted second degree robbery offense as a predicate offense for his career offender status is baseless. The language of the sentencing guidelines and their application notes clearly identifies this prior conviction as a "crime of violence" for purposes of § 4B1.1.

### ¶ 74 - Rape; 15-Year Time Period

Skannell argues that his prior rape conviction preceded his instant offense by more than 15 years and therefore cannot qualify as a crime of violence for purposes of § 4B1.1. A prior conviction is counted if the sentence for that conviction was imposed within 15 years of a defendant's commencement of the instant offense. U.S.S.G. § 4A1.2(e)(1). Skannell was sentenced for the rape conviction on January 13, 1982. He violated parole twice in 1987 and served two additional terms of imprisonment for those violations. Skannell was last sentenced on October 13, 1987. Skannell became involved in the

4

conspiracy from approximately December of 2000. (PSR, ¶ 47.) Therefore, clearly his parole violations bring his rape conviction within the 15-year period of his commencement in the instant offense. *See United States v. Montaque,* 221 F.3d 1345, at *1 (8th Cir. 2000) (any earlier sentence relating to a prior conviction may bring that conviction within the 15-year period).

## CONCLUSION

The record clearly shows that Skannell is not entitled to relief. Because Skannell cannot succeed on his underlying arguments regarding his career offender status, he cannot prove either prong of the *Strickland* test. Under Rule 4(b), his § 2255 motion must be summarily denied.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Filing No. 718);

2. Upon initial review, the Court summarily denies the Defendant's claims raised in the § 2255 motion, and the motion (Filing No. 718) is summarily denied;

3. A separate Judgment will be issued denying the § 2255 motion; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 13th day of October, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge